# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESE DOUGHERTY<br>4300 Linden Avenue<br>Trevose, PA 19053<br><br>          Plaintiff,<br><br>v.<br><br>VALLEY FORGE<br>MILITARY ACADEMY<br>1001 Eagle Rd.<br>Wayne, PA 19087<br><br>          Defendant. | CIVIL ACTION<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Therese Dougherty (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964, ("Title VII" – 42 U.S.C. §§ 2000d *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts that Defendants unlawfully terminated her employment in violation of these laws and that she suffered damages as sought herein.

### II. Jurisdiction and Venue

2. This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff is proceeding herein under Title VII and the PHRA, and has properly exhausted her administrative remedies (with respect to her Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Plaintiff properly exhausted her claims under the PHRA by allowing more than 1 year to elapse from dual filing her EEOC Charge with the Pennsylvania Human Relations Commission.

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult female who resides at the above-captioned address.

8. Defendant Valley Forge Military Academy (hereinafter "Defendant") is a non-profit preparatory boarding institution.

9. At all times relevant herein, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff worked for Defendant (a facility made up of mostly male employees), for approximately 3.5 years.

12. Plaintiff was hired to work for Defendant in November of 2008, as the Senior Director of Activities and Camp.

13. Throughout Plaintiff's employment with Defendant, Defendant had employed several different individuals in the position of Superintendent; however, in August of 2010, Defendant hired one, Shawn Phillips (hereinafter "Mr. Phillips"), as its new Superintendent.

14. Mr. Phillips remained employed with Defendant until Plaintiff was terminated in August of 2011 (as discussed *infra*).

15. During the majority of Plaintiff's employment with Defendant, Plaintiff was supervised by the Chief Financial Officer; however, in February of 2011, Plaintiff began to be supervised by Mr. Phillips.

16. During the period in which Mr. Phillips was the acting Superintendent of Defendant, Plaintiff was subjected to discriminatory treatment based on her gender by Defendant's management, including but not limited to Mr. Phillips.

17. For example, during the period in which Mr. Phillips was the acting Superintendent of Defendant, Plaintiff, unlike her male co-workers, was treated in a general

condescending and demeaning manner, excluded from important meetings, and excluded from interviewing individuals for positions that she would eventually oversee (a duty that she had been performing prior to August of 2010).

18.  In March of 2011, Plaintiff complained to Maryann Meade (hereinafter "Ms. Meade") in Defendant's Human Resources Department (hereinafter "HR Department") that she was being subjected to discrimination based on her gender by Mr. Phillips and that she wanted the same to cease.

19.  Ms. Meade responded to Plaintiff's complaint by asking Plaintiff "What do you want me to do? He is the President's guy."

20.  Plaintiff continued to express her aforementioned concerns of gender discrimination to Ms. Meade; however, Defendant's HR department refused to properly resolve or investigate such concerns.

21.  In May of 2011, Plaintiff was told by Mr. Phillips that she was possibly going to be transferred to a different position for which there had not even been a job description created.

22.  Plaintiff expressed to Mr. Phillips that she did not wish to be transferred to the aforementioned position because the job had not even been created yet and because she enjoyed her job as the Senior Director of Activities and Camp.

23.  On May 24, 2011, Plaintiff sent an e-mail to Ms. Meade expressing her concerns about the aforementioned transfer and stating that "[a]gain I am complaining because I feel that since I am female I am discounted as a contributing factor at this institution."

24.  Shortly after making the aforementioned complaint to Ms. Meade on May 24, 2011, Mr. Phillips approached Plaintiff and said to her "you must not like me because you keep

complaining to Maryann." Plaintiff responded by informing Mr. Phillips that she was complaining about him because he was discriminating against her based on her gender.

25. In late May of 2011, before Plaintiff had even agreed to be transferred, Plaintiff was informed that her position as a Senior Director of Activities and Camp had been filled by Jose Sanchez (male), hereinafter referred to as "Mr. Sanchez," and that they were giving him a house on campus (a benefit that Plaintiff was never offered).

26. In June of 2011, Plaintiff was given a description of her new position as a Senior Director of Special Initiatives and Community Outreach and told that Mr. Sanchez would be shadowing her for the next few weeks so that he could properly transition into becoming the new Senior Director of Activities and Camp.

27. During the period of time in which Mr. Sanchez was supposed to be shadowing Plaintiff, he would routinely work only 5-6 hours per day, leave early, and/or fail to show up for work at all. When Plaintiff inquired why he was allowed to work 5-6 hours per day when she had to work 9-12 hours per day, Defendant's HR department told her that he was given permission to do so.

28. In or about late July of 2011, Plaintiff started her new position as Senior Director of Special Initiatives and Community Outreach.

29. In or about early August of 2011, shortly after Plaintiff's last complaint of gender discrimination and only a few weeks after being involuntarily transferred to a recently created position, Plaintiff was terminated from Defendant for completely pretextual reasons.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964
(Gender Discrimination / Retaliation)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff properly exhausted her administrative remedies to proceed under Title VII in this Count by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within 90 days of receiving a notice of dismissal and/or right-to-sue notification from the EEOC.

32. During her employment with Defendant, Plaintiff was subjected to discriminatory treatment based on her gender by Defendant's management.

33. Plaintiff complained to Defendant's HR Department as well as Defendant's management that she believed she was being treated unfairly based upon her gender.

34. In very close temporal proximity to her last complaint of gender discrimination, Plaintiff was terminated.

35. Defendant's act of terminating Plaintiff because of her gender and/or because of her complaints of gender discrimination constitutes violations of Title VII.

## Count II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
(Gender Discrimination/Retaliation)

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff properly exhausted her administrative remedies before the Pennsylvania Human Relations Commission ("PHRC") by timely filing a Charge and by providing the Commission with ample time to investigate.

<span>6</span>

38. Plaintiff re-asserts and re-alleges the exact same claims in Count I of her Complaint, as they also constitute violations of the PHRA (and are analyzed identically under Third Circuit jurisprudence).

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating/retaliating against employees based on their medical needs and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendants from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering - where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).


                                        Respectfully submitted,

                                        KARPF, KARPF & CERUTTI, P.C.

                                By:     _____
                                        Jeremy M. Cerutti, Esq.
                                        3331 Street Road
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: May 29, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Therese Dougherty                                                                            : CIVIL ACTION
                                        v.                                                   :
Valley Forge Military Academy                                                                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.              ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                          (X)

5/29/13             Jeremy Gerwith                    Plaintiff
**Date**            **Attorney-at-law**               **Attorney for**

(215) 639-0801      (215) 639-4970                    jeremy@kanpf-law.com
**Telephone**       **FAX Number**                    **E-Mail Address**


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _4300 Linden Avenue, Trevose PA 19053_

Address of Defendant: _1001 Eagle Road, Wayne PA 19087_

Place of Accident, Incident or Transaction: _Defendant's place of business_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _Jeremy M. Cerutti_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _5/29/13_   _[signature]_ Attorney-at-Law   JMC7930 Attorney I.D.# _200270_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/29/13_   _[signature]_ Attorney-at-Law   JMC7930 Attorney I.D.# _200270_

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DOUGHERTY, THERESE

**(b)** County of Residence of First Listed Plaintiff: **Bucks**

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, jeremy@karpf-law.com

## DEFENDANTS
VALLEY FORGE MILITARY ACADEMY

County of Residence of First Listed Defendant: **Delaware**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 "Title VII" 42USC2000

Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: 5/29/13

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

[ Print ] [ Save As... ] [ Export as PDF ] [ Retrieve PDF File ] [ Reset ]